1

2

3                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
4                                    AT TACOMA

5
     MICHAEL PITNER and COLLEEN
6    PITNER, and the marital community
     comprised thereof,                          CASE NO. C11-5853BHS
7
                     Plaintiffs,
8
            v.                                   ORDER GRANTING
9                                                DEFENDANT'S MOTION
     NORTHLAND GROUP, INC., a                    TO DISMISS
10   Minnesota corporation, and CAPITAL
     ONE SERVICES, LLC, a Delaware
11   limited liability company,

12                   Defendants.

13

14          This matter comes before the Court on Defendant Capital One Services, LLC's,

15   ("Capital One") motion to dismiss (Dkt. 20). The Court has reviewed the briefs filed in

16   support of and in opposition to the motion and the remainder of the file and hereby grants

17   the motion for the reasons stated herein.

18                             **I. PROCEDURAL HISTORY**

19          On September 15, 2011, Plaintiffs Michael and Colleen Pitner (the "Pitners") filed

20   a complaint in the Clark County Superior Court for the State of Washington against

21   Defendants Northland Group, Inc. ("Northland") and Capital One ("Defendants").  Dkt. 1

22   at 4-27.  The Pitners allege violations of the Fair Debt Collections Practices Act

23   ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Washington Collection Agency Act, RCW

24   Chapter 19.16 ("CAA"); and the Washington Consumer Protection Act, RCW Chapter

25   19.86 ("CPA"). *Id*. On October 14, 2011, Northland removed the action to this Court.

26   *Id*.

27

28

ORDER - 1

1   On November 21, 2011, Capital One filed a motion to dismiss the Pitners'

2   complaint.  Dkt. 20.  On December 7, 2011, the Pitners responded.  Dkt. 23.  On

3   December 16, 2011, Capital One replied.  Dkt. 24.

## II.  DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure may be based on either the lack of a cognizable legal theory or the absence of

sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

(9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

factual allegations but must provide the grounds for entitlement to relief and not merely a

"formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.

Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 1974.  When deciding a motion to

dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

## A.   FDCPA

The FDCPA was enacted as a broad remedial statute designed to "eliminate

abusive debt collection practices by debt collectors . . . ."  15 U.S.C. § 1692e.  The

FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative

obligations and broadly prohibiting abusive practices. *See, e.g.*, 15 U.S.C. §§ 1692b

(governing the acquisition of location information), 1692e (prohibiting misleading or

deceptive practices).  The FDCPA contains a specific exemption for affiliated entities:

> the term "debt collector". . . does not include . . . any person while acting as
> a debt collector for another person, both of whom are related by common
> ownership or affiliated by corporate control, if the person acting as a debt
> collector does so only for persons to whom it is so related or affiliated and
> if the principal business of such person is not the collection of debts.

15 U.S.C. §1692a(6)(B).

ORDER - 2

1    In this case, Capital One argues that the Pitners fail to state a claim upon which

2    relief may be granted because Capital One is not a debt collector under the FDCPA.  Dkt.

3    20 at 4-5.  Specifically, Capital One argues that it qualifies for the affiliated entity

4    exemption and that the Pitners have failed to allege otherwise.  *Id.*  The Pitners allege that

5    "CAPITAL ONE SERVICES, LLC, is a subsidiary of Capital One Bank."  Complaint, ¶

6    2.7.  The Pitners also allege that Capital One Bank (USA), N.A. is their creditor.  *Id*., ¶¶

7    4.1, 4.6, Ex. A.  The Pitners, however, fail to allege that Capital One's principal business

8    is the collection of debts.[1]  Therefore, the Pitners have failed to provide sufficient factual

9    allegations to state a claim under the FDCPA against Capital One as a "debt collector."

10   The Pitners argue that several facts must be determined by a jury regarding Capital

11   One's deceptive acts and practices.  These arguments are without merit because the

12   Pitners have failed to establish the threshold element of their claim, which is whether the

13   FDCPA even applies to Capital One.  Therefore, the Court grants Capital One's motion

14   on the Pitners' first, second and third causes of action.

15

16   **B.    CAA**

17   The CAA prohibits a collections agency from communicating "with the debtor

18   after notification in writing from an attorney representing such debtor that all further

19   communications relative to a claim should be addressed to the attorney."  RCW

20   19.16.250(12).  The CAA's definition of "collection agency" includes, but is not limited

21   to, "[any person directly or indirectly engaged in soliciting claims for collection, or

22   collecting or attempting to collect claims owed or due or asserted to be owed or due

23   another person."  RCW 19.16.100(2)(a).  Similar to the FDCPA, the CAA exempts an

24   affiliated entity of the creditor, which is defined as follows:

25

26        [1] Capital One asserts that Exhibit 4 to the complaint states that Capital One's principal
     business is not debt collection.  There are, however, only three exhibits attached to the
27   complaint, which are Exhibits A-C.  Therefore, the specific document referenced by Capital One
     is not before the Court.
28

ORDER - 3

1
2
3

> Any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of the person is not the collection of debts.

4   RCW 19.16.100(3)(f).

5

6   In this case, the Pitners fail to assert allegations that Capital One is not an

7   exempted entity under the CAA.  Therefore, the Court grants Capital One's motion as to

8   the Pitners' CAA claim.

**C.   CPA**

9

10   The CPA provides that "[u]nfair methods of competition and unfair or deceptive

11   acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

12   RCW 19.86.020.  In order to state a claim under the CPA, a plaintiff must allege, among

13   other facts, an injury to his or her business or property.  *Hangman Ridge Training Stables*

14   *v. Safeco*, 105 Wn.2d 778, 786-87 (1986).  "An injury to business or property excludes

15   certain harms, including physical injuries, emotional distress, and inconvenience

16   unaccompanied by pecuniary harm."  *Brotherson v. Prof'l Basketball Club, L.L.C*, 604 F.

17   Supp. 2d 1276, 1294 (W.D. Wash. 2009).

18   In this case, the Pitners have asserted a CPA claim and allege that "they were

19   injured by Defendants' actions."  Complaint, ¶ 10.10.  Capital One argues that this

20   allegation is a mere label and conclusion.  In their response, the Pitners argue that, when

21   they received multiple debt collection letters, they "were unable to figure out on their own

22   what was going on, so they took time out of their lives to investigate."  Dkt. 23 at 8.  Even

23   if the Court considered this an allegation supporting their claim, the Pitners have failed to

24   show that this "injury" is more than a mere inconvenience unaccompanied by pecuniary

25   harm.  Therefore, the Court grants Capital One's motion on the Pitners' CPA claim

26   because the Pitners have failed to allege facts supporting every element of the claim.

27

28

ORDER - 4

**D.     Relief**

In the event the Court finds that dismissal is warranted, the Court should grant the plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In this case, the Court is unable to conclude that any amendment would be futile because the deficiencies in the Pitners' complaint may be cured by additional factual allegations.  Therefore, the Pitners are granted leave to amend their complaint to correct the deficiencies identified above.

### III.  ORDER

It is hereby **ORDERED** that Capital One's motion to dismiss (Dkt. 20) is **GRANTED**.  The Pitners are **GRANTED** leave to amend their complaint only to correct the deficiencies set forth above.  The Pitners shall file an amended complaint no later than February 15, 2012.  If the Pitners fail to file an amended complaint by this deadline or fail to show good cause for failure to file by the deadline, the Clerk shall terminate Capital One as a party to this proceeding.

DATED this 26th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5